**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JACOB GOLDSTEIN,** an individual, <br><br> Plaintiff, <br><br> v. <br><br> **AMERICAN EXPRESS COMPANY; and EXPERIAN INFORMATION SOLUTIONS, INC.,** <br><br> Defendants. | **Case No.:** 2:16-cv-6313 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** <br><br> **1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;** <br><br> **2.) THE CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**  PAGE 1 OF 11

## INTRODUCTION

1. The United States Congress enacted the Fair Credit Reporting Act ("FCRA") to ensure fair and accurate credit reporting, promote efficiency, and protect consumers' privacy. "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.' 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

2. The California legislature enacted the Consumer Credit Reporting Agencies Act in response to the "vital role" credit reporting agencies have assumed in assembling and evaluating consumer credit information and to require those who furnish information on consumers' credit do so "in a manner which is fair and equitable to the consumer." Cal. Civ. Code § 1785.1.

3. Plaintiff, JACOB GOLDSTEIN, ("Plaintiff") brings this lawsuit to challenge the actions of Defendants, AMERICAN EXPRESS COMPANY, ("AMERICAN EXPRESS") and EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN") (collectively as "Defendants"), regarding AMERICAN EXPRESS' furnishing of incomplete and inaccurate information to consumer credit reporting agencies and EXPERIAN'S failure to maintain reasonable procedures to assure maximum possible accuracy of information contained in consumer's credit reports.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by Plaintiff's attorney.

///

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

8. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

9. At all times relevant, Plaintiff was an individual residing within the State of California.

10. At all times relevant, Defendants conducted business in the State of California, with all correspondence from Defendants sent to Plaintiff at an address located within the State of California.

## JURISDICTION AND VENUE

11. This action arises out of Defendants' violations of: (i) The Fair Credit Reporting Act ("FCRA") 15 § U.S.C. § 1681, *et seq.*; and (ii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq*.

12. Jurisdiction of this Court therefore arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 28 U.S.C. § 1367 for supplemental state law claims.

13. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

14. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County

of Los Angeles, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

15. Plaintiff, JACOB GOLDSTEIN, ("Plaintiff") is a natural person who resides in the City of Beverly Hills, County of Los Angeles, State of California. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1681a(c).

16. Defendant, AMERICAN EXPRESS COMPANY, ("AMERICAN EXPRESS") is an American, multinational, financial services corporation, doing business in the State of California and County of Los Angeles.

17. AMERICAN EXPRESS is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j) and 15 U.S.C. § 1681a(b).

18. AMERICAN EXPRESS in the ordinary course of business, regularly, and on a routine basis, furnishes information to one or more consumer credit reporting agencies about transactions or experiences with consumers.

19. Defendant, EXPERIAN INFORMATION SOLUTIONS, ("EXPERIAN") is a California corporation with a principle place of business in the City of Costa Mesa, State of California.

20. EXPERIAN regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d).

21. The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c) and 15 U.S.C. § 1681a(d), in that inaccurate and/or incomplete credit information was furnished by AMERICAN EXPRESS to EXPERIAN, regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit

worthiness, credit standing, and/or credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household, and employment purposes.

## FACTUAL ALLEGATIONS

22. On or about November 18, 2013, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Central District of California in order to obtain a fresh start and rebuild his credit. Plaintiff's case was assigned Case Number 2:13-bk-37585-BR (the "Bankruptcy").

23. The obligations ("The Debt") to AMERICAN EXPRESS were scheduled in the Bankruptcy and Defendants received notice of the Bankruptcy.

24. On February 24, 2014, Plaintiff was granted a Bankruptcy discharge.

25. None of the Defendants filed any proceedings to declare their Debt "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

26. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. § 362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any personal liability for any of the underlying Debts.

27. Accordingly, the Debt to AMERICAN EXPRESS was discharged through the Bankruptcy.

28. In an EXPERIAN credit report dated July 02, 2015, AMERICAN EXPRESS furnished, and EXPERIAN reported the following inaccurate information:
    - AMEX Account # XXXXXXXXXXXX4173:
      "Status: $1,143 written off."

29. All of Plaintiff's other unpaid debts incurred pre-bankruptcy were correctly reported as: "Status: Discharged through Bankruptcy Chapter 7."

30. By reporting Plaintiff's account status as "$1,143, written off," after February 24, 2014, EXPERIAN inaccurately reported a debt that had been discharged

1  in Bankruptcy.

31. Through this conduct, EXPERIAN violated 15 U.S.C. § 1681e(b) by failing to maintain procedures to ensure the "maximum possible accuracy of the information" contained in a consumer's credit report.

32. On or about March 18, 2016, Plaintiff submitted an application to rent an apartment in Beverly Hills, CA, but was denied due to an adverse credit score. The apartment owner explained he had, "Never seen a credit score this low before."

33. On or about April 15, 2016, Plaintiff requested and received a copy of Plaintiff's Credit Report, from Defendant, EXPERIAN, to evaluate his credit history following his rental application denial.

34. In the EXPERIAN credit report dated April 15, 2016, Defendant, AMERICAN EXPRESS, reported the following inaccurate, derogatory information:

- AMEX Account# 3499XXXXXXXXXXXX:
  "Responsibility: Deceased."

35. Plaintiff alleges on information and belief that Defendant reported the erroneous information to one or more "consumer credit reporting agencies" as that term is defined by Cal. Civ. Code § 1785.3(d). Specifically, AMERICAN EXPRESS furnished information on Plaintiff's credit that Plaintiff was "Deceased."

36. This information is false, incomplete, and/or inaccurate as Plaintiff was not, and has never been, "dead" or "deceased."

37. AMERICAN EXPRESS knew, or should have known, that the information it furnished was false, incomplete, and/or inaccurate because AMERICAN EXPRESS had neither notification nor reason to believe Plaintiff was "dead" or "deceased."

///

38. Plaintiff alleges on information and belief that AMERICAN EXPERESS has continued to report such information on a monthly basis through the date of filing this action.

39. Through this conduct, Defendant violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that AMERICAN EXPRESS knew or should have known was inaccurate and/or incomplete.

40. The instances of Defendant furnishing false, inaccurate, and incomplete credit information described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's attempt for a "fresh start" with respect to his credit. As a result of Defendant's conduct, Plaintiff has suffered damages by loss and/or denial of credit, denial of housing through residential apartments, mental and emotional pain and anguish, and humiliation and embarrassment from such denials. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

### FIRST CAUSE OF ACTION FOR WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.
### [AGAINST EXPERIAN]

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

43. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, from each defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA")
## 15 U.S.C. § 1681, ET SEQ.
## [AGAINST EXPERIAN]

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

46. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.
## [AGAINST AMERICAN EXPRESS]

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

49. In the regular course of its business operations, Defendant routinely furnishes information to consumer credit reporting agencies pertaining to transactions

between Defendant and consumers, so as to provide information to a consumer's credit worthiness, credit standing, and credit capacity.

50. The cause of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

51. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated not to furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

52. The forgoing conduct caused Plaintiff damages including, but not limited to loss of credit worthiness, credit standing, credit capacity, denial of credit, and denial of residential apartment housing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- As a result of Defendants' willful violations of 15 U.S.C. § 1681, *et seq.*, an award of actual damages, in an amount to be determined at trial, or statutory damages of not less than $100 and not more than $1,000, from each defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); an award of

punitive damages, as the Court may allow, pursuant to 15 U.S.C. 1681n(a)(3); and an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3);

- As a result of Defendants' negligent violations of 15 U.S.C. § 1681, *et seq.*, an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681o(a)(1); and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(1);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);
- An award of statutory damages of $5,000.00 per violation pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful credit reporting practices stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: August 23, 2016                              Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

COMPLAINT                                                                                   PAGE 10 OF 11

### TRIAL BY JURY

53. Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 23, 2016                     Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF